FILED

NOT FOR PUBLICATION

FEB 24 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DALE W. DUGGER, | No. 11-16432 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-02674-BJR |
| v. | |
| EDMUND G. BROWN, Jr., California Attorney General; et al., | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Barbara Jacobs Rothstein, District Judge, Presiding

Submitted February 21, 2012[**]

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

California state prisoner Dale W. Dugger appeals from the district court's

judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction

under 28 U.S.C. § 2253, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Dugger contends that the state trial court deprived him of his Sixth and Fourteenth Amendment right to present a defense when it precluded testimony, pursuant to California Evidence Code § 352, related to the reputation of the law enforcement rangers who arrested him.

Contrary to Dugger's contention, the record reflects that the California Court of Appeal, which rendered the last reasoned state court decision in this case, addressed Dugger's federal constitutional claim. Accordingly, we do not review Dugger's claim de novo, as we would if the state court had clearly indicated that it had not reached the merits of his claim. *See Murdoch v. Castro*, 609 F.3d 983, 990 n.6 (9th Cir. 2010) (en banc).

Dugger is not entitled to habeas relief based on the trial court's exclusion of reputation testimony because Dugger cannot maintain that the discretionary exclusion of this testimony warrants federal habeas relief under clearly established federal law. *See Moses v. Payne*, 555 F.3d 742, 757-60 (9th Cir. 2009). The Supreme Court has not established "a controlling legal standard" to evaluate discretionary decisions involving such evidence. *See id*. at 758-59 (internal quotation marks and citation omitted).

**AFFIRMED.**

11-16432